# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**David Paul Brennan**                                                                                                      **Plaintiff**

**v.**                                    **No. 4:14CV00394 DPM/JTR**

**Carolyn W. Colvin, Acting Commissioner,**
**Social Security Administration**                                                                                          **Defendant**

## Recommended Disposition

### Instructions

The following recommended disposition was prepared for U.S. District Judge D. P. Marshall Jr.  Any party may file written objections to this recommendation.  An objection must be specific and state the factual and/or legal basis for the objection.  An objection to a factual finding must identify the finding and the evidence supporting the objection.  Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1]  The objecting party must serve the opposing party with a copy of an objection.  Failing to object within 14 days waives the right to appeal questions of fact.[2]  If no objections are filed, Judge Marshall may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

**Rationale for Recommended Disposition**

On January 1, 2012, the Commissioner *granted* David Paul Brennan's application for supplemental security income (SSI) and awarded SSI benefits beginning with the date of the application.[3] Benefits were awarded based on the Commissioner's determination that Brennan was disabled by his paranoid schizophrenia.[4]

Brennan, who is proceeding *pro se*, now seeks judicial review of the Commissioner's denial of his application for child disability benefits.[5]

**The Commissioner's decision**. To obtain child disability benefits, a claimant must prove he had a disabling impairment before reaching age 22.[6] The Commissioner's ALJ found that Brennan had no severe impairment before age 22.[7] Consequently, the ALJ determined Brennan was not disabled before age 22 and

---

[3]*Id*. at p. 15 (stating that the agency determined Brennan was disabled as of Oct. 13, 2011 and awarded SSI beginning on that date); p. 17.

[4]SSA record at p. 17.

[5]SSA record at p. 51 (applying for child disability benefits on Oct. 25, 2011 and alleging disability beginning Nov. 15, 2002, at age 30). The record reflects Brennan also applied for disability benefits on Apr. 15, 1993 and alleged disability beginning on Feb. 14, 1993, and applied on Mar. 3, 2009 and alleged disability beginning Nov. 15, 2002. *See id.* at p. 65.

[6]20 C.F.R. § 404.350(a)(5).

[7]SSA record at p. 14.

denied the application.[8] Brennan asked the Appeals Council to review the decision.[9]

After the Appeals Council denied review,[10] the ALJ's decision became the Commissioner's final decision.[11] Brennan filed this case to challenge the decision.[12] In reviewing the decision, the court must decide whether substantial evidence supports the decision and whether the ALJ made a legal error.[13] This recommendation explains why substantial evidence supports the decision and why the ALJ made no legal error.

**Brennan's allegations**. Brennan contends the ALJ applied incorrect legal standards.[14] He maintains the ALJ proceeded on the erroneous premise that the only

---

[8]*Id*. at p. 15.

[9]*Id*. at p. 8.

[10]*Id*. at p. 4.

[11]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[12]Docket entry # 1.

[13]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

[14]Docket entry #13.

possible evidence of the onset of disability is contemporaneous medical records. Brennan contends retrospective evidence — his treating psychiatrist's opinion, his testimony about symptoms before age 22, his mother's affidavit, and medical literature — prove his disability began before age 22. For these reasons, he argues substantial evidence does not support the ALJ's decision.

**Applicable legal principles**. The Commissioner's regulations provide for child disability insurance benefits for qualified claimants who are 18 years old or older and have a disability that began before age 22.[15] The "before age 22" requirement is important because Brennan was 39 years old when he applied for child disability benefits. Thus, Brennan had to prove he was disabled 17 years before he applied.

A claimant's allegations are not enough to prove disability; proving disability requires medical evidence.[16] In this case, there is no contemporaneous medical evidence because the medical evidence originated at age 39. A claimant can sometimes overcome the lack of contemporaneous medical evidence with a

---

[15] 20 C.F.R. § 404.350(a)(5).

[16] 42 U.S.C. § 423 (d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability…; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment…which could reasonably be expected to produce the pain or other symptoms alleged and which…would lead to a conclusion that the individual is under a disability").

retrospective diagnosis.[17] "Where the impairment onset date is critical … [as in this case], retrospective medical opinions alone will usually not suffice unless the claimed disability date is corroborated, as by subjective evidence from lay observers like family members."[18] Brennan attempted to prove the onset of disability using a retrospective diagnosis, his testimony about symptoms before age 22, his mother's affidavit, and medical literature about the nature and onset of schizophrenia and schizoaffective disorder. For the following reasons, this evidence fails to prove Brennan was disabled before age 22.

**1. There is no diagnosis before age 22 to establish a severe mental impairment**. The record reflects three diagnoses of mental illness: (1) a May 2011 diagnosis of psychotic disorder at age 39;[19] (2) a May 2011 diagnosis of schizophrenia at age 39;[20] and (3) a June 2012 diagnosis of schizoaffective disorder at age 40.[21] In each instance, a mental health provider stated a diagnosis, but did *not* apply the

---

[17]*Fowler v. Bowen*, 866 F.2d 249, 252 (8th Cir. 1989) ("Subsequent medical, psychological, and psychiatric evaluations are relevant to the extent they reflect upon his condition as of that date, however, and these subsequent reports must be considered as part of a proper evaluation.").

[18]*Jones v. Chater*, 65 F.3d 102, 104 (8th Cir. 1995).

[19]SSA record at p. 201.

[20]*Id*. at p. 162.

[21]*Id*. at p. 251.

diagnosis retrospectively. Thus, there is no diagnosis before age 22.

**2. There is no evidence of disabling symptoms before age 22**. Even if the record included a diagnosis before age 22, proving disability requires more than a diagnosis.[22] The existence of mental illness is not per se disabling under social security law.[23] Proving disability requires proof of symptoms so severe — considering the claimant's age, education, and work experience — as to prevent the claimant from doing any kind of substantial gainful activity existing in significant numbers in the national economy, regardless of whether such work exists where he lives, whether a job vacancy exists, or whether he would be hired if he applied for work.[24] "A nondisabling condition at age 22 which later develops into a disability is not sufficient as a basis for child's disability insurance benefits."[25]

According to a treating psychiatrist, Brennan's mental illness likely manifested prior to age 22:

> His symptoms appear to have an onset prior to age 22, which is [consistent] with the known typical presentation of his diagnosis. Patients with his disorder often have fluctuating symptoms throughout

---

[22]*Harris v. Barnhart*, 356 F.3d 926, 929 (8th Cir. 2004) (diagnosis is insufficient to show condition meets the severity requirements of listed impairment).

[23]*Dunlap v. Harris*, 649 F.2d 637, 638 (8th Cir. 1981).

[24]42 U.S.C. § 1382c(a)(3)(B).

[25]*Dunlap v. Harris*, 649 F.2d 637, 639 (8th Cir. 1981).

the course of illness, [with] severity rising to the level of treatment in late teens or early adulthood, due to lack of recognition of the symptoms. In [Brennan's] case, these appear likely starting in early adolescence.[26]

Importantly, the psychiatrist did not confirm the presence of disabling symptoms before age 22.

The lack of treatment indicates the severity of Brennan's symptoms did not rise to the level of treatment until later in adulthood. According to Brennan, he received no treatment until December 2008, at age 36. He testified that he was diagnosed in "late 2009 and into 2010;" he attended 10 to 15 counseling sessions and discontinued when he loss funding for treatment.[27] This testimony evidences some disabling symptoms at age 36, but not before age 22.

Neither Brennan's testimony, his affidavit,[28] nor his mother's affidavit[29] establish disabling symptoms before age 22. Brennan and his mother described symptoms before age 22, but it's reasonable to conclude those symptoms were not

---

[26]SSA record at p. 251.

[27]*Id.* at pp. 308-10.

[28]*Id.* at pp. 295-96.

[29]*Id.* at p. 298.

disabling because Brennan required no treatment.[30] Brennan completed high school,[31] obtained a scholarship,[32] and completed 163 hours of college credit.[33] He represented himself in federal court on multiple occasions.[34] Brennan was never hospitalized.[35]

**3. There is no evidence of disabling symptoms for 12 continuous months before age 22**. To meet the duration requirement for disability benefits, an impairment must be disabling for at least 12 continuous months.[36] Brennan testified that his symptoms fluctuated over the years, but knowing what he knows now, he thinks his symptoms are the same as when he was in his mid-teens.[37] According to

---

[30]*Accord Dunlap*, 649 F.2d at 641.

[31]SSA record at p. 310.

[32]*Id*. at p. 295.

[33]*Id*. at pp. 70 & 305.

[34]*See Labickas. v Ark. St. Univ*., cause nos. 3:94-cv-01661-R, 4:95-cv-00307-BRW & 4:94-cv-00798-GH (E.D. Ark.) & *Brennan v. FEMA*, cause nos. 4:14-cv-00407-JLH & 4:14-cv-00408-JLH. Brennan's legal briefs are better than many of the briefs prepared by experienced Social Security attorneys.

[35]SSA record at p. 307.

[36]*See* 42 U.S.C. § 1382c(a)(3)(A) (specifying duration requirement for disability benefits). *See also* 20 C.F.R. § 404.1505(a) ("The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.").

[37]SSA record at p. 310.

Brennan: "I didn't understand at the time what was going on with me. So I might not really have an accurate way to gauge the, the severity."[38] The ALJ faced the same problem of determining how to gauge the severity of Brennan's symptoms many years earlier.

Brennan contends the ALJ relied solely on the performance of substantial gainful activity for four and a half months in 2002, but the record doesn't support that claim. Instead, the ALJ stated the following:

> Even if the claimant had not engaged in substantial gainful activity prior to November 15, 2002, the [ALJ] concludes that there is no evidence that the claimant had a severe impairment prior to the age of turning age twenty-two....There are no medical records establishing any diagnosis of a severe impairment prior to age twenty-two.[39]

Brennan's reliance on an eight-year gap in his work history prior to 2002 doesn't overcome the lack of medical evidence. The gap documents a lack of reported earnings, but doesn't necessarily evidence disability. There are other reasons people do not work. Brennan acknowledged working for himself and for his mother.

**4. Medical literature supports the ALJ's determination.** Brennan's reliance on medical literature provides no basis for relief because the nature of his illness isn't disputed. Schizoaffective disorder and schizophrenia typically strike in the teens or

---

[38]*Id.*

[39]*Id.* at p. 15.

early adulthood, but not always.[40] Symptoms wax and wane, sometimes from month to month, sometimes from year to year, sometimes even longer.[41] Importantly, symptoms often improve significantly with appropriate treatment.[42] The absence of treatment before age 22 indicates Brennan's symptoms were not disabling before age 22.

A reasonable mind would accept the evidence as adequate to support the ALJ's decision for the following reasons: (1) there is no diagnosis of mental illness before age 22, (2) there is no evidence of disabling symptoms before age 22, (3) there is no evidence of disabling symptoms for 12 continuous months before age 22, and (4) medical literature supports the ALJ's determination.

## Conclusion and Recommendation

Substantial evidence supports the ALJ's decision. The ALJ made no legal error. For these reasons, the undersigned magistrate judge recommends denying Brennan's request for relief (docket entry # 2) and affirming the Commissioner's decision.

---

[40]*See* Rebecca Frey, Ruth A. Wienclaw & William A. Atkins, 2 The Gale Encyclopedia of Mental Health 1321-31 (3d ed.); Deborah Rosch Eifert, Martha Sajatovic & Ruth A. Wienclaw, *id.* at pp. 1314-18.

[41]*Id.*

[42]*Id.*

Dated this 25th day of March, 2015.

                                              _____
                                              United States Magistrate Judge